# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DELORES R. RHEA,                )
                                )
         Plaintiff,             )
                                )
v.                              )   Case No. CIV-13-391-RAW-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
         Defendant.             )

## REPORT AND RECOMMENDATION

Plaintiff Delores R. Rhea (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42

U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 30, 1966 and was 45 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade. Claimant has worked in the past as a caretaker. Claimant alleges an inability to work beginning June 13, 2005 due to limitations resulting from spinal degenerative disc and

3

joint disease, headaches, morbid obesity, mood disorder, borderline personality disorder, and major depression.

## Procedural History

On August 9, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Lantz McClain ("ALJ") on December 19, 2011 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on February 21, 2012. On July 2, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with restrictions.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical opinion evidence; and (2) failing to

4

discuss uncontroverted or significantly probative evidence which conflicted with the ALJ's findings.

**Evaluation of the Medical Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of mild degenerative disc disease, obesity, a mood disorder, and a borderline personality disorder. (Tr. 26). He concluded that Claimant retained the RFC to perform sedentary work except that she was limited to simple, repetitive tasks with no more than incidental contact with the public. (Tr. 28). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of clerical mailer and assembler, both of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 33). Based upon these findings, the ALJ concluded Claimant was not disabled. Id.

Claimant contends the ALJ failed to properly evaluate the medical opinion evidence. On October 2, 2010, Claimant underwent a mental status examination by Dr. Beth Jeffries. Dr. Jeffries diagnosed Claimant with mood disorder, secondary to a chronic pain and borderline personality disorder, r/o. Claimant's presentation at the examination was described as "histrionic." (Tr. 409). Dr. Jeffries concluded Claimant would find it difficult to manage in

5

many occupational settings, given her difficulty in following instructions, her sensitivity to other people's criticism and particularly her mood lability. Claimant stated she had not worked in 5 or 6 years as she sometimes got along with people at work and sometimes did not which Dr. Jeffries found consistent with her inability to perform socially over a longer period of time. Dr. Jeffries believed Claimant would find it difficult to manage in occupational settings even if her physical condition allowed her to do so. (Tr. 410).

The ALJ acknowledged Dr. Jeffries' report insofar as it supported a finding of non-disability but did not reference the opinion that Claimant would have problems managing in an occupational setting. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider the totality of Dr. Jeffries' report.

On January 25, 2011, Dr. Gary Lindsay completed a Mental Residual Functional Capacity Assessment on Claimant. He determined Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately

6

with the general public. He found Claimant was moderately limited in the areas of the ability to maintain attention and concentration for extended periods and the ability to get along with co-workers or peer without distracting them or exhibiting behavioral extremes. (Tr. 507-08). In his functional capacity assessment, Dr. Lindsay found Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation. (Tr. 509).

The ALJ afforded Dr. Lindsay's opinion "great weight" because his opinion was "well supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence of record." (Tr. 31). Despite giving this opinion considerable weight, the ALJ failed to include or address Dr. Linday's finding that Claimant was markedly impaired in relating to supervisors and co-workers. Because he never addressed this functional limitation in his RFC, the ALJ's hypothetical questioning of the vocational expert did not include any such limitation. (Tr. 62-64). On remand, the ALJ shall explain his failure to include this limitation within his RFC and hypothetical questioning.

### Discussion of Probative Evidence

In a similar vein as the prior argument, Claimant argues the

7

ALJ failed to include several observations made by Dr. Jeffries concerning Claimant's demeanor and problems in his evidentiary findings. Because the ALJ failed to properly consider all of Dr. Jeffries' limitations in his RFC findings, the ALJ should also consider the totality of Dr. Jeffries diagnostic findings and observations in re-examining his report on remand.

Claimant also contends the ALJ should have discussed that the July 1, 2008 x-rays showed possible cervical torticollis, or that subsequent x-rays revealed unlevel shoulders, moderate to severe abnormal cervical and thoracic curvature, vertebral rotation, and lateral disc wedging. (Tr. 330, 398). Claimant also contends the ALJ omitted findings from Dr. Quadeer's report of October 2007 and Dr. Knight's report from June and July of 2011 which supported a finding of disability.

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. Again, an ALJ cannot simply sort through a medical opinion, citing those portions that support a finding of non-disability but failing to provide reasons for rejecting those portions that support a finding of

8

disability.  Haga, 482 F.3d at 1208.  On remand, the ALJ shall fully discuss the medical evidence and provide an explanation for rejecting that evidence, including opinion evidence, whether they favor disability or non-disability.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 5th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE